**Gardner F. GOODWYN, Jr., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 54–80C.**

United States Claims Court.

June 20, 1983.

Gardner F. Goodwyn, Jr., pro hac vice, with whom was Gerald Colvin, Birmingham, Ala., for plaintiff.

M. Susan Burnett, Washington, D.C., with whom were Asst. Atty. Gen. J. Paul McGrath and Lynn Bush Ferguson, Washington, D.C., for defendant.

**ORDER**

KOZINSKI, Chief Judge.

Plaintiff seeks retirement pay based upon service in the Army until 1949 and subsequent service in the Army Reserves. At issue is whether he earned credit towards retirement by virtue of his reserve service from 1954 until his discharge in 1960. Under 10 U.S.C. § 1332 reserve service is creditable toward retirement if the officer earns enough points each year. Points can be earned in a number of ways, including participation in various training and educational activities. To earn retirement credit through extension course work, someone in plaintiff's position would have to take at least 105 hours of courses each year.

Plaintiff, an attorney, claims to have accumulated sufficient points by taking courses from before 1954 until about 1963. Unfortunately, neither he nor the defendant have much by way of documentation. Plaintiff blames his poor recordkeeping for this lack of evidence. Defendant blames the 1973 fire at the National Personnel Records Center in St. Louis.

Plaintiff's claim is barred by laches. Although he was discharged in 1960, he claims not to have learned of the discharge until 1965. Plaintiff's discovery that he had been discharged five years earlier without his knowledge should have put him on inquiry notice as to a possible problem relating to his service record. Further, plaintiff claims to have taken 105 hours of extension courses each year until 1963, three years past his discharge. Discovery of this wasted effort alone should have alerted plaintiff that he and the Army disagreed as to his status in the Reserves and as to whether he

was earning retirement points. He should have inquired about his retirement status then or reasonably soon thereafter. Instead he waited until 1976—two years after he became eligible for retirement—to apply for benefits.

The right to retirement benefits is sufficiently important to occasion an inquiry as to the status of one's records even after a timely and expected discharge. An individual with plaintiff's training, who learned of his discharge under these suspicious circumstances, should surely have taken some action long ago. His failure to inquire establishes unreasonable delay. *See Erickson v. United States,* 1 Cl.Ct. 163, 167–68 (1983) (GIBSON, J.). Prejudice to the defendant is established by the 1973 fire which destroyed its records. *See Weber v. United States,* 553 F.2d 105, 213 Ct.Cl. 720 (1977). *See generally Fleming v. United States,* 2 Cl.Ct. 111, 115 (1983) (NETTESHEIM, J.).

Defendant's motion for summary judgment is granted and the clerk is directed to dismiss the petition.

Costs to the prevailing party.